**Eugene J. COFSKY, Petitioner–
Appellant,**

v.

**Charles L. RYAN, et. al., Respondents–
Appellees.**

**No. 09–16189.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 19, 2013.

Stephen Christopher Kunkle, Law Office
of Stephen C. Kunkle, Phoenix, AZ, for
Petitioner–Appellant.

Deborah Ann Bigbee, Esquire, Scotts-
dale, AZ, for Respondents–Appellees.

Before: FARRIS, THOMAS, and N.R.
SMITH, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Eugene J. Cofsky
appeals the district court's denial of his 28
U.S.C. § 2254 habeas petition challenging
his conviction for conspiracy to commit
first-degree murder. We affirm.

The Arizona state courts' finding—that
sufficient evidence supported Cofsky's con-
viction for conspiracy to commit first-de-
gree murder—was not contrary to, or an
unreasonable application of, clearly estab-
lished federal law.[1] Neither the postcon-
viction review court nor the Arizona Court
of Appeals on direct review provided rea-
soning for their respective conclusions that
sufficient evidence was presented to con-
vict Cofsky of conspiracy to commit first-
degree murder. Where a state court rules
on the issue at hand, but does not supply
reasoning for its decision, we "perform an
independent review of the record to ascer-
tain whether the state court decision was
objectively unreasonable." *Himes v.
Thompson,* 336 F.3d 848, 853 (9th Cir.
2003) (internal quotation marks omitted).
"Independent review of the record is not
de novo review of the constitutional issue,
but rather, the only method by which we
can determine whether a silent state court
decision is objectively unreasonable." *Id.*

Under clearly established federal law,
when considering a sufficiency of the evi-
dence challenge, we ask "whether the rec-
ord evidence could reasonably support a
finding of guilt beyond a reasonable
doubt." *Jackson v. Virginia,* 443 U.S. 307,
318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In other words, "whether, after viewing
the evidence in the light most favorable to
the prosecution, *any* rational trier of fact
could have found the essential elements of
the crime beyond a reasonable doubt." *Id.*
443 U.S. at 319, 99 S.Ct. 2781. Where
conflicting inferences may be supported by
the record, we presume "that the trier of
fact resolved any such conflicts in favor of
the prosecution, and [we] must defer to
that resolution." *Id.* 443 U.S. at 326, 99
S.Ct. 2781. Moreover, "[a]fter AEDPA,
we apply the standards of *Jackson* with an
additional layer of deference." *Juan H. v.*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

1. Cofsky no longer challenges whether condi-
tional intent is sufficient to show the specific
intent needed to prove a conspiracy to com-
mit first-degree murder. Accordingly, this ar-
gument is abandoned.

*Allen,* 408 F.3d 1262, 1274 (9th Cir.2005) (citing 28 U.S.C. § 2254(d)).

An independent view of the record demonstrates that neither state court decision finding sufficient evidence was objectively unreasonable. Considering the evidence presented against Cofsky in the context of the elements of the crime, *Juan H.,* 408 F.3d at 1275, and viewing that evidence in the light most favorable to the prosecution, Cofsky has not demonstrated that *"any* rational trier of fact could [not] have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. To the contrary, the record reflects sufficient evidence to allow any reasonable factfinder to find (1) intent to promote the murder of the corrections officer, and (2) an agreement between Cofsky and the other conspirators to kill the corrections officer if he resisted. *See Evanchyk v. Stewart,* 202 Ariz. 476, 47 P.3d 1114, 1117 (2002) (en banc). Although evidence of Cofsky's involvement is circumstantial, considering the evidence of (1) Cofsky's known involvement in the jailbreak planning, including his role of keeping track of the conspirator tasked with killing the guard if necessary, (2) the close proximity of events and physical evidence on Cofsky's property, and (3) Cofsky's appearance in the designated courtroom at the planned time, a reasonable factfinder could have concluded that Cofsky agreed to the jailbreak with the other conspirators and agreed that a corrections officer would be shot if necessary. Accordingly, we must uphold the jury's verdict.

**AFFIRMED.**

* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.